IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| JOSE M. GOMEZ, | * |
| Petitioner, | * |
| v. | CIVIL NO.: WDQ-09-0697 |
| | CRIMINAL NO.: WDQ-08-0083 |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending is Jose M. Gomez's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. A hearing was held on July 28, 2010. Paper No. 53. For the following reasons, the motion will be denied.

I. Background

On February 5, 2008, while traveling northbound on Interstate 95, Gomez was stopped for speeding. Plea Agmt, Statement of Facts 4. The officer observed Gomez's nervousness. *Id*. Gomez said that he was traveling from Orlando, Florida, to Manhattan, New York, for a few days. *Id*. The officer believed that Gomez's nervousness indicated stress. *Id*. Upon further questioning, Gomez acknowledged that he was familiar with vehicles with secret compartments. *Id*. The officer concluded that Gomez's responses were questionable and inconsistent, and a

certified canine was called to the scene.  *Id*.  The dog "alerted" for narcotics.  *Id*. at 5.  A search revealed a hidden compartment in the dash, containing 11.96 kilograms of heroin.  *Id*.

On February 20, 2008, Gomez was indicted for possession with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a).  Paper No. 9.

On May 12, 2008, Gomez pled guilty pursuant to an agreement with the Government.  Paper No. 19.  The plea agreement stipulated a base offense level of 36.  *See* U.S.S.G. § 2D1.1(c)(2).  *Id.*  If Gomez met certain statutory factors at sentencing, he would qualify for a two-level downward departure under the Sentencing Guidelines's "safety valve."  *Id.* at 3.[1]  At the plea hearing, Gomez waived his right to appeal a sentence within or below the Guidelines range for an adjusted Offense Level 31, Criminal History Category I: 108-135 months.  Plea Hr'g 10:2-8, May 12, 2008.

Gomez proffered to the Government his knowledge of the transaction, and its participants.  Sentencing Hr'g 3:11-19,

---

[1] If a defendant meets the criteria in 18 U.S.C. § 3553(f), he is entitled to a two-level reduction in offense level under U.S.S.G. § 5C1.2--known as the "safety valve" adjustment.  *Id.* § 2D1.1(b)(11).  The safety valve requires the plaintiff to "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense."  *Id.* § 5C1.2(a)(5).

2

July 25, 2008. Gomez had proffered that he was given the van by Ridolfo Mexicanos, with whom he had occasionally shared drinks; he did not know Mexicanos's family or address. *Id*. at 7:1-8, 17:1-25.

Gomez also had proffered that he received title to the van several days before his trip to New York. *Id*. at 6:24-25, 8:7-10, 17:18-25, 18:1-25. He had been instructed to take the van to New York, park it anywhere in the city, and inform Mexicanos of its location. *Id*. at 7:23-25, 8:1-10. Gomez was to receive the van as payment. *Id*. at 8:7-10. The Government considered this proffer implausible. *Id*. at 3:11-24, 7:20-23.

On July 25, 2008, Gomez was sentenced to 120 months imprisonment. Paper No. 22. According to Gomez, he requested his attorney, Edward Abramson, to file an appeal. Pet. Mem. 9. No appeal was filed. *Id.* On March 19, 2009, Gomez sought to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Paper No. 27. On February 3, 2010, the Court ordered the appointment of counsel. Paper No. 46. On February 19, 2010, Gary E. Proctor entered his appearance as counsel for Gomez. Paper No. 48. On July 28, 2010, this Court held a hearing on Gomez's § 2255 motion. Paper No. 53.

II. Analysis

Gomez argues that he received ineffective assistance during his plea and sentencing because attorney Abramson: (1) promised

3

he would receive the safety valve adjustment, and (2) did not file the requested appeal.

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show ineffective assistance of counsel, Gomez must prove that Abramson's performance (1) "fell below an objective standard of reasonableness," and (2) prejudiced his defense. *Id.* at 687–88. Gomez must show that "but for [Abramson's] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court is "highly deferential" when scrutinizing counsel's performance. *Id.* at 690.

A. Failure to Obtain Safety Valve

Gomez argues that he pled guilty solely because Abramson promised[2] he would receive a sentence of 60 to 72 months under the safety valve. Paper No. 27 at 4; Pet. Mem. 7. Abramson counters that he merely "advised [Gomez] that the only way he could possibly receive less than the minimum mandatory 120 months would be if he qualified for the safety valve." Abramson Aff. ¶ 9.

At the sentencing hearing, the Government argued that Gomez was not entitled to the safety valve because he had "not made

---

[2] At his rearraignment, Gomez swore that no one had made any promise or prediction to him about sentencing that was not contained in the plea letter. Plea Hr'g 8:4-7.

4

full disclosure" as required by U.S.S.G. § 5C1.2(a)(5). *See* Sentencing Hr'g 3:11–12. Given the sophisticated compartment to conceal the heroin in the van[3] and the amount and value[4] of heroin, the Government concluded that Gomez had relevant information that he had not disclosed. *Id.* at 5:4–16. For example, Gomez did not identify others involved in the scheme. *Id.* at 7:6–19.

The Court concluded that Gomez had not made full disclosure and did not qualify for the safety valve; the applicable offense level was 33. *Id.* at 18:3–6.[5] The Court granted a variance sentence of 120 months in light of Gomez's lack of prior convictions. *Id.* at 18:6–11.

Gomez contends that Abramson was ineffective because, *inter alia*, he did not object when the Court found Gomez untruthful based on the Government's proffer instead of live testimony. Paper No. 52 at 2, 4. Gomez asserts that "the government cannot assure success [when determining whether he truthfully provided

---

[3] The van had a hidden compartment welded into the dash, which rendered the heating and air conditioning vents inoperable. Sentencing Hr'g 4:10-23.

[4] The Government estimated its wholesale value at $1 million and its street value at $4 million. Sentencing Hr'g 7:1-2.

[5] Although the plea agreement provided that Gomez's base offense level was 36, the offense level was adjusted downward by three levels for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) and (b). *See* Presentence Report ¶¶ 16, 22.

5

all information] by simply saying, 'We don't believe the defendant.'" *United States v. Miranda-Santiago*, 96 F.3d 517, 529 (1st Cir. 1996); Paper No. 52 at 2; *see, e.g.*, *United States v. Withers*, 100 F.3d 1142, 1146 (4th Cir. 1996) (prosecutor testified at sentencing).

However, it was Gomez's burden to prove he qualified for the safety valve, *United States v. Beltran-Ortiz*, 91 F.3d 665, 669 (4th Cir. 1996), and the Government did not have to present evidence that his statements were "not truthful and complete." *United States v. Goveo-Zaragoza*, 311 F. App'x 235, 238 (11th Cir. 2009) (affirming safety valve denial although Government had not offered evidence).[6]

Furthermore, at the § 2255 hearing, the Government stated why it did not believe Gomez. Paper No. 54 [hereinafter § 2255 Hr'g] 32:11-13. The Government believed that no one would give a stranger a van with a secret compartment containing nearly $4 million worth of heroin. *Id*. at 33:21-25, 34:1-6.

Gomez asserts Abramson was also ineffective because he did not: (1) attempt to continue sentencing so that the Court could

---

[6] Gomez improperly relies on *Miranda-Santiago*. There, the reviewing court found the defendant had truthfully disclosed information and was entitled to the safety valve because the Government never asserted that she was withholding information such as drug supplier names. 96 F.3d at 529-30. Here, the Government alleged that Gomez had not provided "details about people or phone numbers or any other information" about the scheme. Sentencing Hr'g 7:6-19.

determine whether Gomez had been truthful with law enforcement; (2) prepare Gomez to testify at sentencing; (3) have agents under subpoena or attempt to call witnesses; or (4) arrange a polygraph for Gomez.[7]  § 2255 Hr'g 10:23–11:3, 26:6–18; *see also* Paper No. 52 at 4.

The Government contended that had DEA agents testified at the sentencing hearing, their detailed refutation of Gomez's proffer would have been more damaging to Gomez than the Government's bare sentencing allocution.  *Id*. at 35:14-19.

"[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Strickland*, 466 U.S. at 691.  Abramson's decisions not to object to the Government proceeding by proffer and not to call witnesses were reasonable.

Had the safety valve applied, Gomez's offense level would have been 31 instead of 33.  The sentencing range under Offense Level 31, Criminal History Category I, is 108–135 months; this Court granted Gomez a variance and sentenced him to 120 months. Given the quantity of heroin involved, the Court would not have imposed a sentence below the mandatory minimum had the safety valve applied.  Thus, it cannot be said that the proceeding

---

[7] Polygraphs are inadmissible in the Fourth Circuit.  *United States v. Prince-Oyibo*, 320 F.3d 494, 501 (4th Cir. 2003).

would have resulted differently had Abramson objected to the Government proceeding by proffer or attempted to bolster Gomez's implausible story. *See Strickland*, 466 U.S. at 694.

Also, Gomez's contention that he pled guilty simply because Abramson promised him the safety valve is unavailing. When challenging a conviction entered after a guilty plea, a defendant must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (*citing Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). At the § 2255 hearing, the Government asked Gomez, "You pled guilty to this because you were guilty, right?" § 2255 Hr'g 19:3-4. Gomez replied, "Correct." *Id.* at 19:5. Gomez affirmed that he was neither asking the Court to withdraw his plea nor requesting a new trial. *Id.* at 21:3-7. As Gomez was not prejudiced by Abramson's counsel, his claim of ineffective assistance of counsel based on the failure to obtain the safety valve must fail.

B. Failure to File an Appeal

In his § 2255 motion, Gomez also argued ineffective assistance of counsel because of Abramson's failure to file an appeal despite Gomez's alleged requests. *See* Pet. Mem. 9.[8] At

---

[8] An attorney renders ineffective assistance of counsel "if he fails to follow his client's unequivocal instruction to file a

the § 2255 hearing, however, Gomez withdrew that issue.  § 2255 Hr'g 22:19–23:4.[9]

C. Certificate of Appealability

Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The denial of a COA does not preclude a

---

timely notice of appeal."  *United States v. Poindexter*, 492 F.3d 263, 265 (4th Cir. 2007).

[9] At the § 2255 hearing, the Court asked Gomez:
    THE COURT: Do you understand what [court-appointed attorney Mr. Proctor] has just told me?
    [Gomez]: Yes.
    THE COURT: That is that he's discussed with you the appeal, and you and he have decided to withdraw the appeal.
    [Gomez]: Yes, yes, sir.
    THE COURT: And do you understand his reasons for withdrawing the appeal?
    [Gomez]: Yes.
    THE COURT: And you agree with those reasons?
    [Gomez]: Yes.
§ 2255 Hr'g 22:19–23:4.

petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

The COA in this case relates only to the issue of the safety valve. § 2255 Hr'g 24:16-18. Because Gomez has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Gomez's motion will be denied.

<u>October 18, 2010</u>                   _____/s/_____
Date                                                   William D. Quarles, Jr.
                                                         United States District Judge